UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LAS VEGAS RENTAL AND REPAIR LLC SERIES 63,<br><br>         Plaintiff(s),<br><br>  v.<br><br>NATIONSTAR MORTGAGE, LLC d/b/a MR. COOPER, et al.,<br><br>         Defendant(s). | Case No. 2:22-CV-413 JCM (EJY)<br><br>ORDER |

Presently before the court is plaintiff Las Vegas Rental and Repair Series 63 ("plaintiff")'s motion for a preliminary injunction. (ECF No. 8). Defendant Nationstar Mortgage LLC ("defendant") filed a response (ECF No. 18), to which plaintiff replied (ECF No. 19).

Also before the court is defendant's motion to dismiss plaintiff's complaint. (ECF No. 9). Plaintiff filed a response (ECF No. 14), to which plaintiff replied (ECF No. 17).

## I. Background

This matter arises from an impending foreclosure sale of real property located at 7205 Amber Cascade Court, Las Vegas, NV 89149 (the "property") (ECF No. 8 at 1). Plaintiff is the current title owner of the property after purchasing it for $10,100 at a foreclosure sale on May 14, 2013. *See* (ECF No. 8-4). This foreclosure sale was initiated by the homeowners' association governing the property after the prior owners failed to timely pay their assessments. *See* (ECF No. 1).

In 2007, the property's prior owners obtained a loan for the purchase price secured by a deed of trust. (*Id.*) The prior owners failed to make payments on the deed, and defendant's

**James C. Mahan**
**U.S. District Judge**

predecessor in interest recorded a notice of default on March 23, 2009, evidencing its intention to foreclose. (*Id.*) This notice of default also accelerated the loan underlying the deed of trust. On April 27, 2012, defendant's predecessor in interest recorded a notice of rescission that rescinded its prior notice of default and, allegedly, decelerated the debt to its originally maturity date. (*Id.*)

In September 2021, Quality Loan Service Corp., another defendant, recorded a notice of default and election to sell on behalf of defendant and, in January 2022, set a foreclosure sale for July 22, 2022. (ECF No. 8). Plaintiff filed the instant suit on February 7, 2022, alleging that the deed of trust had been accelerated and presumed satisfied no later than February 1, 2019. (ECF No. 1). According to plaintiff, defendant has no claim to the property and cannot foreclose.

Plaintiff filed this motion for a preliminary injunction on May 9, 2022, seeking to halt the foreclosure sale during the pendency of this litigation. (ECF No. 8). That same day, defendant moved to dismiss plaintiff's complaint in its entirety. (ECF No. 9).

**II.     Legal Standard**

A. Preliminary Injunction

Under Federal Rule of Civil Procedure 65, a court may issue a temporary restraining order ("TRO") when the movant alleges "specific facts in an affidavit" that immediate and irreparable harm will occur before the adverse party can be heard in opposition. FED. R. CIV. P. 65(b)(1)(A). TROs and preliminary injunctions are extraordinary remedies meant to "preserve the status quo" and "prevent irreparable loss of rights prior to judgment." *Estes v. Gaston*, No. 2:12-cv-1853-JCM-VCF, 2012 WL 5839490, at *2 (D. Nev. Nov. 16, 2012); *see also Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). The standard for granting a TRO is "substantially identical" to the standard for granting a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).

The court considers the following elements in determining whether to grant preliminary injunctive relief: (1) a likelihood of success on the merits; (2) a likelihood of irreparable injury if preliminary relief is not granted; (3) balance of hardships; and (4) advancement of the public interest. *Winter v. N.R.D.C.*, 555 U.S. 7, 20 (2008); *Stanley v. Univ. of S. California*, 13 F.3d 1313, 1319 (9th Cir. 1994).

**James C. Mahan**
**U.S. District Judge**

- 2 -

The movant must satisfy all four elements; however, "a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). This "sliding scale" approach dictates that when the balance of hardships weighs heavily in the movant's favor, he only needs to demonstrate "serious questions going to the merits." *Id.* at 1135.

B. <u>Motion to Dismiss</u>

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief."

James C. Mahan
U.S. District Judge

- 3 -

*Id.* (internal quotation marks omitted).  When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed.  *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.  Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

If the court grants a Rule 12(b)(6) motion to dismiss, it should grant leave to amend unless the deficiencies cannot be cured by amendment.  *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).  Under Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and absent "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments . . . undue prejudice to the opposing party . . . futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  The court should grant leave to amend "even if no request to amend the pleading was made." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks omitted).

**III.    Discussion**

A.  Preliminary Injunction

Having considered the *Winter* factors, the court DENIES plaintiff's motion for a preliminary injunction (ECF No. 8); primarily because the balance of hardships is not clearly in plaintiff's favor.

Plaintiff argues that the balance of hardships is in its favor because it has taken all steps necessary to obtain the statement regarding the debt secured by the deed of trust and it has no way of knowing how much it needs to pay to satisfy the debt secured by the deed of trust.  (*See id.*).  Thus, plaintiff argues that without injunctive relief, it may lose its interest in the property because of defendant's "unclean hands." (*Id.*)  This argument is unavailing.

James C. Mahan
U.S. District Judge

- 4 -

This court has recently addressed substantially similar arguments several times and consistently denied injunctive relief. *See, e.g.*, *Presidio Management LLC Series 2 v. Nationstar Mortgage LLC*, No. 2:22-cv-393-JCM-EJY, 2022 WL 14874870 (D. Nev. Oct. 26, 2022); *SFR Investments Pool 1, LLC v. Carrington Mortg. Services, LLC*, 2:22-cv-00521-JCM-EJY, 2022 WL 902369 (D. Nev. Mar. 28, 2022); *SFR Investments Pool 1, LLC v. NewRez LLC*, 2:22-cv-195-JCM-BNW, 2022 WL 464321 (D. Nev. Feb. 15, 2022); *5445 Indian Cedar Dr. Trust v. Newrez, LLC*, 2:22-cv-208-JCM-DJA, 2022 WL 489833, at *3–4 (D. Nev. Feb. 17, 2022).

Nothing in this case warrants departure from this district's near lockstep treatment of these cases. *See also Saticoy Bay LLC, Series 3425 Palatine Hills Ave. v. Newrez LLC,* 2:22-cv-00282-JAD-BNW, 2022 WL 562621, at *2 (D. Nev. Feb. 24, 2022); *Saticoy Bay LLC, Series 970 Flapjack Drive v. Fed. Nat'l Mortg. Ass'n*, No. 2:18-cv-00961-RFB-NJK, 2018 WL 2448447, at *3 (D. Nev. May 31, 2018).

As this court has previously noted in analogous cases, the balance of hardships does not clearly weigh in favor of plaintiff. *See SFR Investments Pool 1, LLC*, 2022 WL 902369, at *2. Plaintiff owns the property as an investment, not as its own residence. *See* (ECF No. 19 at 5) (describing the harm to plaintiff's residential tenant if the plaintiff's motion is denied). While it claims that a tenant may be evicted if the foreclosure proceeds, the tenant is not the party in this suit. Speculating about the potential hardship to a non-party has no bearing on the equities between the two parties in suit even if those harms may be relevant to the public policy considerations under the fourth *Winter* factor.

Plaintiff and defendant assert opposing financial claims to the property. Plaintiff stands to lose revenue, whereas defendant stands to lose satisfaction of the debt it claims it is owed. At bottom, the two parties claim essentially the same thing—a right to be paid. The hardships are similar; thus, the balance of equities does not tip in favor of plaintiff. Therefore, even if plaintiff demonstrates "serious questions going to the merits," and irreparable harm, it is not entitled to injunctive relief under the traditional or sliding scale approach. *See Cottrell*, 632 F.3d at 1131.

James C. Mahan
U.S. District Judge

- 5 -

B. Motion to Dismiss

Defendant also moves to dismiss plaintiff's complaint for failure to state a claim. Principally, defendant argues that recent Nevada Supreme Court precedent precludes plaintiff's claim as a matter of law. *See SFR Invs. Pool 1, LLC v. U.S. Bank N.A.*, 507 P.3d 194 (Nev. 2022) (hereinafter *Gotera II*). Plaintiff contends that the precedent is distinguishable, and that Nevada's ancient lien statute extinguished the deed of trust in 2018, ten years after the first notice of default. *See* Nev. Rev. Stat. § 106.240.

Just as the Nevada Supreme Court determined in *Gotera II*, this court finds that the notice of rescission decelerated the debt under the deed of trust. *See* 507 P.2d at 197–98. There is nothing in the instant case that distinguishes it from *Gotera II*. Plaintiff baldly asserts that the loan was accelerated by some unproduced letter rather than the notice of default. (ECF No. 15 at 8). Not only does plaintiff fail to cogently allege this in its complaint—indeed, plaintiff raises this theory for the first time in its opposition to the instant motion and provides no authority to support it—the Nevada Supreme Court squarely held that "some prior unidentified acceleration" could not have "remained intact after the bank rescinded the notice of default." *Gotera II*, 507 P.2d at 197.

This case is essentially identical to what was before the Nevada Supreme Court in *Gotera II*. After recording the first notice of default in 2008, defendants recorded a recission in 2011. (ECF No. 1 at 3). Whether some other unknown and undiscovered letter purported to accelerate the debt means nothing when the recission clearly decelerates the loan and renders the ancient lien statute inapplicable.

Thus, plaintiff's complaint must be dismissed. The deed of trust was never extinguished and plaintiff's rights to the property are not superior to defendant's. Since defendant held a valid interest under the deed of trust, plaintiff's attendant claims for slander of title, fraud, and wrongful foreclosure must also be dismissed.

Although "[t]he court should freely give leave when justice so requires," the court is not obligated to do so. Fed. R. Civ. P. 15(a)(2). The court need not give leave to amend where "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*

James C. Mahan
U.S. District Judge

- 6 -

*v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)). Thus, "leave to amend may be denied if it appears to be futile or legally insufficient." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (citing *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir. 1986)). The standard to be applied when determining the legal sufficiency of a proposed amendment is identical to that on a motion to dismiss for failure to state a claim. *Id.*

Determining that plaintiff's claims fail as a matter of law, the court finds that granting plaintiff leave to amend would be futile. The plain language of the recissions leave the deed of trust valid. Given that, plaintiff cannot state a claim for relief; defendant holds a valid interest in the property. The court thus dismisses the complaint in its entirety, with prejudice.

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion for a preliminary injunction (ECF No. 8) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant's motion to dismiss plaintiff's complaint (ECF No. 9) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff's complaint (ECF No. 1) be, and the same hereby is, DISMISSED, with prejudice.

The clerk is instructed to enter judgment accordingly and close the case.

DATED October 31, 2022.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**